BERLINE L. DUNNOCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunnock v. Commissioner
Docket No. 8743-78.
United States Tax Court
T.C. Memo 1980-449; 1980 Tax Ct. Memo LEXIS 135; 41 T.C.M. (CCH) 146; T.C.M. (RIA) 80449; October 7, 1980, Filed Berline L. Dunnock, pro se. John F. Dean, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in Federal income tax and additions to tax under the provisions of section 6653(a), Internal Revenue Code of 1954, [1] against petitioner as follows: Taxable
Deficiency in
Addition to Tax
Year
Income Tax
Sec. 6653(a)
1974
$ 688.00
$ 34.40
1975
11,676.80
583.84
The issues to be *136 decided are the amount of net wagering income realized by petitioner from horse racing bets and whether he is liable for the negligence penalty for each of the taxable years involved. FINDING OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner filed his Federal income tax return for the taxable year 1974 with the Director, Internal Revenue Service Center, Philadelphia, Pennsylvania, and he filed his Federal income tax return for the taxable year 1975 with the District Director of Internal Revenue, Baltimore, Maryland. He resided in Baltimore, Maryland, when he filed his petition. During 1974 and 1975 petitioner gambled at horse race tracks at Timonium, Maryland; Bowie Race Course, Bowie, Maryland; Pimlico Race Course, Baltimore, Maryland. Some of his wagers were pooled with others. During those years he kept the racing programs and tickets and maintained a record book of his gains and losses. He subsequently destroyed all of the programs, tickets, and record books except his record book for the period from January 1975 through July 15, 1975. The details in the record book vary; *137 however, some entries are quite specific as to the number of the race, pool, name of winning or losing horse and type of race. Many of the entries describe specific transactions in which losses were sustained. Petitioner realized gambling winnings from placing bets at horse races aggregating $3,835.60 for the taxable year 1974 and $34,885.80 for the taxable year 1975. Petitioner sustained no losses from gambling for the taxable year 1974 and sustained losses from gambling at horse races in the amount of $28,850 for the taxable year 1975. On his income tax returns for the taxable years 1974 and 1975, petitioner reported no income from wagering. The Commissioner, in his statutory notice of deficiency, determined that petitioner realized unreported income during the taxable years 1974 and 1975 from race track winnings in the respective amounts of $3,835 and $34,885.80 and that petitioner was liable for the negligence penalty (sec. 6653(a) of the Code) for both years. OPINION Winnings realized by a taxpayer from wagering constitute taxable income under section 61 of the Code. Wagering losses are deductible only to the extent of the taxpayer's winnings. Sec. 165(d) of the *138 Code. The Commissioner determined that petitioner realized taxable income from race track winnings as set forth above based upon information returns (Forms 1099) prepared by the race tracks and petitioner's record of winnings and losses (diary) which he produced for the Internal Revenue Service covering the period from January 1, 1975 through July 15, 1975. The Commissioner did not, however, allow any of the losses reflected in petitioner's diary on the grounds that the records were self-serving and inadequate to show losses. He used the diary to determine winnings on the grounds that the entries were admissions against interest. At trial respondent objected to the admission of the diary into evidence on the grounds of hearsay. We overruled the objection because the diary constituted a business record. We have carefully examined the diary and based upon that examination and our observation of petitioner's demeanor on the witness stand we conclude that it should be accepted as proof of his losses for the period it covers as well as proof of his winnings. We, therefore, allow as losses from gambling in 1975 the sum of $28,850. Acceptability of records of wins and losses *139 from gambling depends upon all of the facts and circumstances. Green v. Commissioner, 66 T.C. 538 (1976). [2] We allow no further losses for 1975 and no losses for 1974 because petitioner, although he testified he maintained records for such periods, did not produce the records in Court or offer secondary evidence in their absence. Petitioner likewise offered no explanation for his negligence or intentional disregard of the rules and regulations causing his underpayment of tax. Accordingly, the addition to tax under the provisions of section 6653(a) must be approved. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Faulkner v. Commissioner, T.C. Memo. 1980-90↩.